**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSENDO BLANCO-BAUTISTA, | No.   15-70946 |
| Petitioner, | Agency No. A089-090-554 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted September 13, 2016**

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Rosendo Blanco-Bautista, a native and citizen of Mexico, petitions for

review of the immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture and

thus is not entitled to relief from his reinstated removal order.  We have

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Andrade-Garcia v. Lynch*, No. 13-74115, 2016 WL 3924013, at *4 (9th Cir. July 7, 2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Blanco-Bautista failed to establish a reasonable possibility of persecution on account of a protected ground, *see* 8 C.F.R. § 1208.31(c), because the evidence demonstrates the cartel targeted Blanco-Bautista in furtherance of its criminal enterprise, which does not support a finding for persecution on account of a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground).  We reject Blanco-Bautista's contention that he was entitled to a presumption of future persecution.

Substantial evidence also supports the IJ's conclusion that Blanco-Bautista failed to show a reasonable possibility that he would be tortured by the government

of Mexico or with its consent or acquiescence.  *See* 8 C.F.R. § 1208.31(c); *Garcia-*

*Milian v. Holder*, 755 F.3d 1026, 1033-34 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**